## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------x
:
DOME PATENT L.P,                                            :
:
:
:
                         Plaintiff,  :
:
          - v. -                                 :
:
:
JON W. DUDAS,                                               :
Under Secretary of Commerce for Intellectual Property       :
and Director of the United States Patent and Trademark      :
Office,                                                     :
:
                        Defendant.  :
:
------------------------------------------------------------x

## COMPLAINT

Plaintiff Dome Patent L.P., by its attorneys, for its Complaint in this action alleges:

### PARTIES AND JURISDICTION

1. Plaintiff Dome Patent L.P. ("Dome") is a California Limited Partnership, having its principal place of business at 125 E. Sir Francis Drake Blvd., Ste. 400, Larkspur, CA 94939.

2. Defendant Jon W. Dudas ("Dudas") is Under Secretary of Commerce for Intellectual Property and the current Director of United States Patent and Trademark Office ("USPTO"). Defendant Dudas is being sued in his official capacity.

3. This action arises under 35 U.S.C. §§ 145 & 306 and 37 C.F.R. § 1.303(a). This Court has subject matter jurisdiction to hear this action under 28 U.S.C. § 1331.

## CLAIM FOR RELIEF

4. Dome is the owner of U.S. Patent No. 4,306,042, issued December 15, 1981, for an invention entitled "Method of Making a Contact Lens Material With Increased Oxygen Permeability" (the "Neefe Patent").

5. The Neefe Patent discloses and claims a method for making contact lens material that, at the time it was discovered, yielded contact lens material having both a high degree of wettability and greatly improved oxygen permeability as compared with contact lens materials produced by previously known methods. Dome believes that the method disclosed and described in claim 1 of the Neefe Patent has been widely adopted and used by United States contact lens manufacturers, has supplanted and rendered obsolete previously known methods of making contact lens materials, and has yielded substantial revenues to the contact lens manufacturers that adopted and used it.

6. On or about December 30, 1997, Dome commenced an action for infringement of the Neefe Patent (the "Infringement Action") against six (6) United States manufacturers of contact lens materials, namely, Permeable Technologies, Inc., Con-Cise Contact Lens, Inc., GT Laboratories, Inc., Optical Polymer Research, Inc., Stellar Contact Lens, Inc., and Polymer Technology.

7. On or about May 28, 1998, venue of the Infringement Action was transferred from the Eastern District of California to the Western District of New York where it was assigned Civil Action No. 6:98-cv-06247-DGL and remains pending.

8. On or about August 27, 1998, counsel for one of the defendants in the Infringement Action, Optical Polymer Research, Inc. ("Optical"), filed a request with the USPTO for reexamination of the Neefe Patent under 35 U.S.C. §§ 301 et seq.

9. On or about September 11, 1998, Optical moved the Court in the Infringement Action for a stay of proceedings in the Infringement Action pending determination of its reexamination request.

10. On or about June 24, 1999, the the then-Director of USPTO issued an Order for reexamination of the Neefe Patent, Application No. 90/005,090, based on the request for reexamination that Optical had made in August 1998.

11. On or about July 14, 1999, Optical moved the Court in the Infringement Action for a continued stay of proceedings in the Infringement Action pending determination of the USPTO reexamination proceeding by the Director.

12. On or about October 5, 1999, the Court hearing the Infringement Action ordered a stay of all proceedings in that action pending determination of the USPTO reexamination proceeding by the Director.

13. On or about May 23, 2002, an Examiner in the USPTO, acting on behalf of the Director, issued an Office Action that concluded that claims 2, 3, and 4 of the Neefe Patent were valid and recited patentable subject matter, but that claim 1 of the Neefe Patent recited a method that assertedly "would have been obvious at the time the invention was made to a person having ordinary skill in the art," 35 U.S.C. § 103(a), and so was assertedly invalid as a legal matter.

14. On or about July 12, 2002, Dome timely appealed the Examiner's rejection of claim 1 of the Neefe Patent to the USPTO Board of Patent Appeals and Interferences (the "Board").

15. In support of its appeal, Dome submitted an affidavit of Russell A. Neefe, the named inventor of the Neefe Patent, who testified that (a) the method of claim 1 of the Neefe Patent fulfilled a widely-recognized, long-felt, but unsolved need in the United States contact lens industry, (b) the method of claim 1 of the Neefe Patent yielded a contact lens material that was

vastly superior to, and more valuable than, contact lens materials produced by prior art methods; (c) the method of claim 1 of the Neefe Patent was believed to have been widely adopted by United States contact lens manufacturers and to have supplanted prior art contact lens manufacturing methods; and (d) the method of claim 1 of the Neefe Patent was believed to have enjoyed large scale commercial success.

16. Because of the stay granted in the Infringement Action, Dome was not in a position, during the reexamination proceedings, to submit evidence of actual sales, market share, growth in market share, replacing earlier units sold by others, or of dollar amounts of contact lens material made using the method of claim 1 of the Neefe Patent. This evidence was not publicly available, and the stay of proceedings in the Infringement Action prevented Dome from seeking discovery of this evidence from the defendants in the Infringement Action or third-party contact lens manufacturers. The stay of proceedings in the Infringement Action similarly precluded Dome from submitting evidence to the USPTO that the defendants in the Infringement Action and others action copied and used Mr. Neefe's invention.

17. On July 31, 2007, the Board issued a decision that affirmed the Examiner's rejection of claim 1 of the Neefe Patent under 35 U.S.C. § 103(a). In re Neefe, Appeal 2007-1366. The Board's decision stated in part: "Secondary considerations such as commercial success, long felt need, and copying by others, while relevant to the obviousness inquiry, must be proved with clear and convincing evidence." Slip op. at 22. The Board then held that Mr. Neefe's "declaration does not establish clear and convincing evidence of any secondary considerations of non-obviousness" and "does not establish secondary considerations by even a preponderance of the evidence." Id. at 23. The board faulted Dome for, among other things, having not submitted "evidence of actual sales, market share, growth in market share, replacing earlier units sold by

4

others, or of dollar amounts" or "nexus between sales and the merits of the invention" or direct evidence of "copying." Id. at 22-23.

18. The Board's conclusion that claim 1 of the Neefe Patent recites a method that "would have been obvious at the time the invention was made to a person having ordinary skill in the art," 35 U.S.C. § 103(a), is erroneous and should be reversed.

19. Under 35 U.S.C. § 145, the Court is authorized to receive evidence that was not available to Dome in the Board proceedings and to make de novo findings on the basis of such new and additional evidence.

20. On information and belief, one or more of the defendants in the Infringement Action have possession, custody, or control of documentary and other evidence relevant to the validity of claim 1 of the Neefe Patent, including evidence of actual sales, market share, growth in market share, replacing earlier units sold by others, or of dollar amounts, evidence of nexus between sales and the merits of the invention, and evidence of copying.

**WHEREFORE** Plaintiff prays that the Court:

a. Declare, adjudge, and decree that Russel A. Neefe was entitled to receive, and properly did receive, a patent for the method described in claim 1 of the Neefe Patent;

b. Declare, adjudge, and decree that the Order of the Board in Appeal 2007-1366 is erroneous, contrary to law, and should be reversed;

c. Direct the defendant to issue a reexamination certificate under 35 U.S.C. § 307 confirming the patentability of all claims made in the Neefe Patent; and

d. Grant such other and further relief as the Court may deem just and proper.

Dated: September 24, 2007

                    FRIED, FRANK, HARRIS, SHRIVER
                    & JACOBSON LLP

By: _____
                    James W. Dabney
                    Stephen S. Rabinowitz
                    John F. Duffy
                    Randy C. Eisensmith

1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
(202) 639-7000

Attorneys for Plaintiff
Dome Patent LP

555251

6

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
DOME PATENT L.P                    88888

## DEFENDANTS
JON W. DUDAS Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Fried, Frank, Harris, Shriver
& Jacobson LLP
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
(202) 639-7000

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01695
Assigned To : Friedman, Paul L.
Assign. Date : 9/24/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY:**

|                                           | PTF | DFT |                                                                 | PTF | DFT |
|-------------------------------------------|-----|-----|-----------------------------------------------------------------|-----|-----|
| Citizen of this State                     | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State       | ○ 4 | ○ 4 |
| Citizen of Another State                  | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State   | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country   | ○ 3 | ○ 3 | Foreign Nation                                                  | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⊗ E. General Civil (Other)        OR        ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
35 U.S.C. §§ 145 & 306 and 37 C.F.R. § 1.303(a); reverse judgment of Board of Patent Appeals and affirm validity of claim 1 of US Patent 4,306,042

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  9/24/07   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.