UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DOME PATENT L.P.                )
                                )
           Plaintiff,           )
                                )
      v.                        )   Civil Action No. 07-1695(PLF)
                                )
JON W. DUDAS,                   )
Under Secretary of Commerce     )
for Intellectual Property       )
and Director of the United      )
States Patent and               )
Trademark Office                )
                                )
           Defendant.           )
                                )
_____)
```

## ANSWER

### First Defense

None of the claims of U.S. Patent No. 4,306,042 (the "'042 patent") are patentable.

### Second Defense

Plaintiff is not entitled to have this Court direct the USPTO to issue a reexamination certificate under 35 U.S.C. § 307.

### Third Defense

Under 35 U.S.C. § 145, Plaintiff is required to pay all of Defendant's expenses, including, but not limited to, expert fees, copies, travel expenses and deposition fees.

### Fourth Defense

The Court lacks jurisdiction to entertain a <u>de novo</u> review of the decision by the Board of Patent Appeals and Interferences ("Board"). Moreover, Plaintiff waived the presentation of any new evidence relating to issues not presented to the Board, waived the presentation of any new evidence that was not presented to the Board because of lack of diligence by the Plaintiff, and waived the presentation of evidence or arguments relating to issues that Plaintiff voluntarily, negligently, or intentionally chose not to present to the Board.

### Fifth Defense

Plaintiff has waived its right to seek discovery in this case by failing to seek or by failing to obtain discovery in the case pending in the United States District Court in the Western District of New York, Case No. 98-6247L.

### Sixth Defense

Plaintiff is estopped from seeking discovery in this case because of its failure to seek or to obtain discovery in the case pending in the United States District Court in the Western District of New York, Case No. 98-6247L. Plaintiff may not collaterally attack the decisions of the United States District Court for the Western District of New York.

### Seventh Defense

Defendant reserves the right to assert affirmatively any

other matter that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

### Eighth Defense

The defendant, in response to the numbered paragraphs of the complaint, responds as follows:

1.   Defendant lacks information sufficient to admit or deny the allegations of paragraph 1.  Therefore, the allegations are denied.

2.   Defendant admits that Jon W. Dudas is the Undersecretary of Commerce for Intellectual Property and the current Director of the United States Patent and Trademark Office ("USPTO")and is sued in his official capacity.  Any allegation inconsistent with the foregoing is denied.

3.   The allegations of paragraph 3 are legal conclusions regarding jurisdiction and venue to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

4.   Defendant admits that U.S. Patent No. 4,306,042 (the "'042 patent") is entitled "Method of Making a Contact Lens Material With Increased Oxygen Permeability," and issued on December 15, 1981.  The remaining allegations of paragraph 4 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

5. The allegations of paragraph 5 are Plaintiff's characterizations of the '042 patent to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

6. Admitted on information and belief.

7. Admitted on information and belief.

8. Defendant admits that a member of the public filed a request for reexamination of the '042 patent under 35 U.S.C. §§ 302-307 and 37 C.F.R. § 1.510. Defendant lacks information sufficient to admit or deny the remaining allegations of paragraph 8 and, therefore, the allegations are denied.

9. Admitted on information and belief.

10. Defendant admits that on or about June 24, 1999, the USPTO determined that a substantial new question of patentability existed with respect to at least one claim of the '042 patent, and ordered reexamination of the '042 patent. The remaining allegations of paragraph 10 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

11. Defendant lacks information sufficient to admit or deny the allegations of paragraph 11, but the Defendant avers that on information and belief he believes a stay was filed in the District Court in the Western District of New York.

12. Admitted. Defendant further avers that Plaintiff may

not seek to collaterally attack the decisions of the District Court in New York in the instant suit.

    13. Defendant admits that claim 1 of the '042 patent was rejected under 35 U.S.C. § 103. The remaining allegations of paragraph 13 are Plaintiff's characterizations of the statements in the Examiner's May 23, 2002 Office Action or legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations. The Defendant refers the Court to the full text of the May 23, 2002 Office Action for a complete and accurate statement of its contents.

    14. Defendant admits that Plaintiff filed a document entitled "Notice of Appeal and Petition for Extension of Time (If Appropriate)" on July 12, 2002. The remaining allegation of paragraph 14 is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegation.

    15. The allegations of paragraph 15 are Plaintiff's characterizations of an affidavit of Russell A. Neefe and are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies these allegations of this paragraph. Moreover, the Defendant refers the Court to the full text of the Neefe affidavit for a complete and accurate statement of its contents.

    16. The allegations of paragraph 16 are Plaintiff's

characterizations of the litigation pending in the United States District Court, Western District of New York and are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 16.  Moreover, Defendant avers that Plaintiff may not collaterally attack the proceedings in the Western District of New York by seeking discovery in the instant case.

17.  Defendant admits that on July 31, 2007, the Board issued a decision that affirmed the Examiner's rejection of claim 1 of the '042 patent.  The remaining allegations of paragraph 17 are Plaintiff's characterizations of the Board's decision and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.  Moreover, the Defendant refers the Court to the full text of the Board's July 31, 2007 decision for a complete and accurate statement of its contents.

18.  Denied.

19.  The allegations of paragraph 19 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.  Defendant avers that Plaintiff may not collaterally attack the proceeding in the Western District of New York in the instant case and is not permitted to introduce evidence that could have been presented to the examiner and the Board in the proceedings below.

20.  The allegations of paragraph 20 are Plaintiff's characterizations of evidence allegedly in the custody of others, and are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations. Moreover, Plaintiff may not collaterally attack the proceedings in the Western District of New York by seeking discovery in the instant case.

The remainder of the Complaint consists of Plaintiff's prayer for relief.  The Defendant denies that the Plaintiff is entitled to the relief requested or to any relief whatsoever.

Any allegation of the complaint not specifically admitted is denied.

Wherefore, it is respectfully requested that the Complaint be dismissed with prejudice and that the Court grant such other relief as it deems appropriate.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205


OF COUNSEL:
STEPHEN A. WALSH
Acting Solicitor
SHANNON M. HANSEN
HEATHER F. AUYANG
Associate Solicitors
United States Patent and Trademark Office