UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------------ x
:
DOME PATENT L.P,                                                         :
:
:
:
              Plaintiff,                                                 :
:
         - v. -                                                          :   Civil Action No. 07-1695 (PLF)
:
:
JON W. DUDAS,                                                            :
Under Secretary of Commerce for Intellectual Property                    :
and Director of the United States Patent and Trademark                   :
Office,                                                                  :
:
              Defendant.                                                 :
:
------------------------------------------------------------------------ x

## JOINT LOCAL RULE 16.3 REPORT

This joint report is submitted pursuant to the Court's Order dated November 28, 2007 and in accordance with Local Rule 16.3(d) and Rule 26(f) of the Federal Rules of Civil Procedure. The parties conferred by telephone on November 29, 2007, December 3, 2007 and December 12, 2007.

Plaintiff

Dome Patent L.P. ('Plaintiff") is the owner of U.S. Patent No. 4,306,042 (the "Neefe Patent") and brings this action under 35 U.S.C. §§ 145 and 306 and 37 C.F.R § 1.303(a) for review of a decision issued on July 31, 2007 by the U.S. Patent and Trademark Office Board of Patent Appeals and Inteferences ("the Board") in an ex parte reexamination commenced on June 24, 1999. In the course of that reexamination, the

Examiner reaffirmed the patentability of claims 2, 3 and 4 of the Neefe Patent, but concluded that claim 1 of the Neefe Patent is invalid for obviousness under 35 U.S.C. § 103(a). Complaint ¶ 13.  Dome appealed the Examiner's rejection of claim 1 of the Neefe Patent to the Board and, in support of its appeal, tendered the affidavit testimony of the inventor, Russell A. Neefe, concerning secondary considerations of nonobviousness, including that the method of claim 1: (a) fulfilled a widely-recognized, long-felt but unmet need in the United States contact lens industry; (b) was widely adopted by United States contact lens manufacturers and supplanted prior art contact lens manufacturing methods; and (c) enjoyed large scale commercial success. Id. ¶¶ 14, 15.  On July 31, 2007, the Board affirmed the Examiner's rejection of claim 1 of the Neefe Patent, concluding that Mr. Neefe's declaration was insufficient in it did not furnish "evidence of actual sales, market share, growth in market share, replacing earlier units sold by others, or of dollar amounts" or "nexus between sales and the merits of the invention" or direct evidence of "copying." Id. ¶ 17 (citing In re Neefe, Appeal 2007-1366 at 22-23).

In the present action, Dome seeks review and reversal of the Board's determination that claim 1 of the Neefe Patent is invalid under 35 U.S.C. § 103(a).  In the course of this action, Dome intends to avail itself of its right, under Fed. R. Civ. P. 26-37 and 45, to obtain evidence from third party contact lens manufacturers and distributors concerning "actual sales, market share, growth in market share, replacing earlier units sold by others, [and] of dollar amounts" as well as "nexus between sales and the merits of the invention" and direct evidence of "copying" – the very evidence that the Board itself

2

demanded to show secondary considerations of nonobviousness – the same exact issue raised by Dome's evidence and argument to the Board.  It is well established that "[i]n an action under 35 U.S.C. § 145, plaintiffs are entitled to a trial de novo, and may introduce evidence not previously presented to the PTO though they are precluded from raising new issues, at least absent some reason justifying their failure to present the issue to the agency in the first instance." Burlington Indus., Inc. v. Quigg, 229 U.S.P.Q. 916 (D.D.C. 1986); accord Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1346 (Fed. Cir. 2000) (affirming the right to introduce "new testimony" or "additional evidence" in actions under 35 U.S.C. §§ 145 and 146; collecting cases); Fregau v. Mossinghoff, 776 F.2d 1034, 1038 (Fed. Cir. 1985) ("The standard [of review of a Board decision] must be adapted, of course to the aspect of a § 145 proceeding which allows introduction of additional evidence.").  Dome will also present live expert testimony on the issues that were raised before the Board.  See Winner, 202 F.3d at 1346 ("the admission of live testimony at trial requires the factfinder to make its own findings.  The rationale is that the applicant was at least partly unable to present the live testimony in the ex parte proceeding before the Board.") (emphasis in original; citations omitted).

    Defendant

The defendant is Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.  The Director, acting through the U.S. Patent and Trademark Office (USPTO), reexamined the Neefe patent and ultimately rejected claim 1 as unpatentable under 35 U.S.C. § 103(a) as being

obvious. The defendant also asserts that claims 2-4 are unpatentable. Thus, defendant contends that none of the claims presented in the Neefe patent are patentable. The Director established a prima facie case of unpatentability below. Although plaintiff disputes that the Director established a prima facie case, plaintiff also claims that he can rebut the Director's finding of unpatentability by introducing so-called secondary considerations of non-obviousness, which include evidence of licensing by the industry, commercial success, long-felt need, failure by others, and copying.

Plaintiff's right to introduce new evidence in a 35 U.S.C. § 145 action is limited, because the plaintiff is obligated to fully present his case before the USPTO. See, e.g., MacKay v. Quigg, 641 F. Supp. 567 (D.D.C. 1986) ("the need to promote full disclosure before administrative tribunals requires that even a sub-issue be fully explored by the PTO before allowing new evidence in support of the sub-issue to be admitted for the first time in district court").

Plaintiff has not indicated that he has any new evidence that relates to the Director's prima facie case of non-obviousness under 35 U.S.C. § 103. Rather, plaintiff seeks to try to discover, if it exists, evidence on the secondary considerations of non-obviousness and introduce it in this action. He alleges that this evidence, if it exists, is in the "possession, custody, or control" of third-parties, and that he failed to submit it to the USPTO during the reexamination proceeding, See Complaint ¶¶ 16, 20. Those third parties apparently are defendants in an action plaintiff brought against them, which is pending in the Western District of New York, See Complaint ¶ 7. In that case, discovery

has been stayed at the request of the defendants. Plaintiff has never sought to reopen discovery to seek the information he claims that they have.

Under section 145, plaintiff cannot sustain his burden of showing that he is entitled to introduce new evidence. Plaintiff may not introduce new evidence that is related to issues not presented to the Board, that was not presented to the Board because of lack of diligence by plaintiff, or any evidence or arguments relating to issues that plaintiff voluntarily, negligently, or intentionally chose not to present to the Board. Accordingly, the record is complete and review of the Board decision can be addressed solely on the basis of the record before the Board.

In addition, pursuant to Local Rule 16.3(d), the parties state the following:

1. <u>Dispositive Motions</u>:

<u>Plaintiff's position</u>

Plaintiff does not believe that the case can be resolved by dispositive motion.

<u>Defendant's position</u>

Defendant believes that this case is amenable to disposition by a motion for summary judgment as a matter of law without fact or expert discovery. For the reasons stated above, defendant intends to file a motion to stay discovery from the third parties pending resolution of defendant's dispositive motion. In view of the parties' disagreement over the timing and propriety of discovery, the defendant believes that the Court should set briefing schedule and resolve the defendant's motion to stay discovery

pending resolution of defendant's motion for summary judgment and a briefing schedule for dispositive motions.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: The parties do not anticipate that any additional parties will be joined or that pleadings will be amended. The parties do not believe that the issues in the case can be further narrowed and disagree whether or not discovery is necessary.

3. <u>Magistrate</u>: The parties do not consent to referral of the case to a Magistrate Judge for trial.

4. <u>Possibility of Settlement</u>: The parties do not believe the case is amenable to settlement at this time.

5. <u>ADR</u>: Because of the specific nature of the case, the parties believe that it is unlikely that ADR would be helpful in disposing of the case at this time.

6. <u>Motions</u>:

<u>Plaintiff's position</u>

Plaintiff does not believe that the case can be decided by dispositive motion. Plaintiff proposes that any dispositive motions shall be filed no later than one month after the close of expert discovery; that the responding party shall also have forty-five (45) days to file any Opposition; and that the moving party shall have fifteen (15) days to file any Reply.

Defendant's position

The defendant believes that the case can be resolved by dispositive motion and that all discovery should be stayed pending resolution of the dispositive motion. Defendant suggests that the Court resolve the threshold discovery issue identified above and rule on defendant's motion to stay discovery pending resolution of his dispositive motion. The defendant proposes that a motion to stay be filed on January 17, 2008 and that plaintiff have up to and including February 19, 2008 to file an opposition. The defendant will file a reply on March 10, 2008. Defendant further proposes that any dispositive motions shall be filed within forty-five (45) days after the Court resolves the motion to stay; that the responding party shall also have forty-five (45) days to file an Opposition; and that fifteen (15) days shall be allowed for any Reply. An oral hearing is requested by defendant for both the motion to stay discovery and motion for summary judgment.

7. <u>Initial Disclosures</u>: The parties agree that initial disclosures will exchanged by January 22, 2008. The defendant asserts that the record is complete and should be decided on the record before the Board.

8. <u>Discovery</u>:

Plaintiff's position

Plaintiff request that 8 months be granted for fact discovery and that each party should be limited to ten (10) depositions and twenty five (25) interrogatories, provided

that either or both parties may seek leave from the Court to increase this limit at a future time.

<u>Defendant's position</u>

Defendant opposes discovery in this case and contends that any matters concerning discovery, including the scheduling thereof, should await resolution of defendant's proposed motion to stay discovery.

9.   <u>Experts</u>:

<u>Plaintiff's position</u>

The plaintiff anticipates that it will be relying on expert witnesses. Plaintiff proposes that Plaintiff's expert report(s) be served within 60 days after the close of fact discovery; that any rebuttal expert reports be served within 30 days after Plaintiff's report, and that expert discovery close one month after service of rebuttal expert reports.

<u>Defendant's position</u>

Defendant believes that neither expert discovery nor the submission of expert testimony in this Section 145 case is appropriate.

10.   <u>CLASS ACTION</u>:  N/A

11.   <u>Bifurcation</u>:  At this time, the parties do not believe that bifurcation is appropriate.

12. <u>Pretrial Conference</u>:

<u>Plaintiff's position</u>

Plaintiff proposes that the pretrial conference be held 60 days after the Court's decision on any dispositive motions that may be filed or thereafter at the Court's convenience.

<u>Defendant's position</u>

The defendant believes that the case will be resolved by a dispositive motion without the need for discovery, pretrial, or trial.  Thus, setting pretrial or trial is premature.

13. <u>Trial Date</u>:

<u>Plaintiff's position</u>

Plaintiff proposes that the trial date be set at the final Pretrial conference, or at the Court's convenience.

<u>Defendant's position</u>

The defendant believes that the case will be resolved by a dispositive motion without the need for discovery, pretrial, or trial.  Thus, setting pretrial or trial is premature.

14. <u>Other Matters</u>:  N/A

Respectfully submitted

| | |
|---|---|
| /s/ James W. Dabney | /s/ Jeffrey A. Taylor |
| JAMES W. DABNEY, D.C. BAR # NY0036 | JEFFREY A. TAYLOR, D.C. BAR # 498610 |
| STEPHEN S. RABINOWITZ | United States Attorney |

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza                                        /s/ Rudolph Contreras
New York, New York 10004-1980          RUDOLPH CONTRERAS, D.C. BAR # 434122
(212) 859-8000                                             Assistant United States Attorney

Counsel for Plaintiff

                                                                   /s/ Diane M. Sullivan
                                                                  DIANE M. SULLIVAN, D. C. BAR # 12765
                                                                  Assistant United States Attorney
                                                                  Judiciary Center Building
                                                                  555 Fourth Street, N.W.
                                                                  Room E4919
                                                                  Washington, D.C. 20530
                                                                  (202) 514-7205

                                                                  Counsel for Defendant

                                                                  OF COUNSEL:
                                                                  STEPHEN A. WALSH
                                                                  Acting Solicitor
                                                                  SHANNON M. HANSEN
                                                                  HEATHER F. AUYANG
                                                                  Associate Solicitors
                                                                  United States Patent and Trademark
                                                                  Office

560382v3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

DOME PATENT L.P,

           Plaintiff,

        - v. -                              Civil Action No. 07-1695 (PLF)

JON W. DUDAS,
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark
Office,

           Defendant.

---

**PLAINTIFF'S PROPOSED
<u>INITIAL SCHEDULING ORDER</u>**

Upon consideration of the parties' Joint Local Rule 16.3 Report, and the entire record herein, it is hereby ORDERED that:

1. Fact discovery will close on August 15, 2008.

2. Plaintiff's Rule 26(a)(2) report will be due on October 17, 2008. Defendant's Rule 26(a)(2) report will be due on November 14, 2008. Expert discovery will close on December 12, 2008.

3. The parties shall be limited to 10 depositions and 25 interrogatories per side, although one or both parties may seek leave from the Court to increase this limit at a future time.

4.  The parties shall file dispositive motions by January 16, 2009 any Oppositions shall be filed forty-five (45) days thereafter; and any Replies filed fifteen (15) days thereafter.

It is so ORDERED this _____ day of _____, 2007.

_____<br>United States District Judge

560406.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------------ x
: 
DOME PATENT L.P,  :
:
:
:
Plaintiff,  :
:
- v. -  :   Civil Action No. 07-1695 (PLF)
:
:
JON W. DUDAS,  :
Under Secretary of Commerce for Intellectual Property  :
and Director of the United States Patent and Trademark  :
Office,  :
:
Defendant.  :
:
------------------------------------------------------------------------ x

**DEFENDANT'S PROPOSED SCHEDULING ORDER**

Upon consideration of the parties' Joint Local Rule 16.3 Report, and the entire record herein, it is hereby

ORDERED that the defendant shall file a motion to stay discovery by January 17, 2008 and further

ORDERED that the plaintiff shall file an opposition by February 19, 2008 and further

ORDERED that the defendant shall file a reply by March 10, 2008.

_____
United States District Judge