UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                       )
DOME PATENT, L.P.,                      )
                                                       )
            Plaintiff,                           )
                                                       )
      v.                                            )        Civil Action No. 07-1695 (PLF)
                                                       )
JON W. DUDAS, Under Secretary of Commerce    )
for Intellectual Property and Director of the    )
United States Patent and Trademark Office,    )
                                                       )
            Defendant.                         )
_____)


MEMORANDUM OPINION AND ORDER

            This matter is before the Court on the defendant's motion to deny discovery or, in

the alternative, to stay discovery pending resolution of defendant's dispositive motion.[1]  Plaintiff

Dome Patent L.P. ("Dome") brings this action under 35 U.S.C. §§ 145, 306, seeking to set aside

an adverse decision of the Board of Patent Appeals and Interferences of the Patent and

Trademark Office ("PTO") that found claim 1 of United States Patent No. 4,306,042 ("Neefe

patent") obvious over prior art under 35 U.S.C. § 103 during a reexamination of this patent.  See

Compl. ¶ 20.  Plaintiff is the owner of the Neefe patent, which claims a method for making

contact lens material.  See id. ¶ 5.

_____

            [1]      The papers submitted to the Court in connection with this motion include
defendant's motion to deny discovery or, in the alternative, to stay discovery pending resolution
of defendant's dispositive motion ("Mot."); plaintiff's memorandum in opposition to defendant's
motion to deny or stay discovery ("Opp."); and defendant's reply to plaintiff's opposition to
defendant's motion to stay discovery ("Rep.").

The reexamination proceeding underlying this suit grew out of a separate patent infringement suit brought by the plaintiff against six manufacturers of content lens materials, alleging infringement of the Neefe patent.  See Compl. ¶¶ 6, 8, 10; Mot. at 5.  In 1998, the infringement action was transferred from the Eastern District of California to the Western District of New York.  The case was assigned to then-Chief Judge David Larimer.  Thereafter, one of the defendants filed with the PTO a request for reexamination of the Neefe patent under 35 U.S.C. §§ 301, *et seq.*  See Compl. ¶¶ 7-8.  Based on this request, the PTO issued an order for reexamination of the Neefe patent in 1999.  See id. ¶ 10.

While the Neefe patent was being reexamined by the PTO, plaintiff's infringement action remained pending before Judge Larimer in the Western District of New York.  See Compl. ¶¶ 11-12.  In 1999, Judge Larimer had, upon a motion filed by one of the defendants, stayed the proceedings pending the resolution of the Neefe patent reexamination.  See id.; Mot. at 6 (citing Def.'s Ex. 3).  In a March 2000 letter, Judge Larimer denied a request by plaintiff to lift the stay but authorized the plaintiff to renew its request at any time.  See Mot. at 6 (citing Def.'s Ex. 4).  In March 2005, Judge Larimer directed the parties to advise it as to the status of the case by April 15, 2005.  See Mot. at 6 (citing Def.'s Ex. 5).  He specifically asked whether discovery was complete or whether a conference with the court would assist the parties.  See Def.'s Ex. 5.

After the Board's rejection of claim 1 of the Neefe patent, the plaintiff commenced this action on September 24, 2007.  Plaintiff has since served or attempted to serve eight subpoenas *on the defendants from the New York infringement action*.  See Mot. at 7, 10.  These subpoenas are the subject of the present Rule 26(c) motion.  See Mot. at 7, 10.

This Court will not allow the plaintiff to use this lawsuit to obtain discovery from the defendants in the lawsuit pending in the Western District of New York. That case was stayed by the presiding judge in that case. If plaintiff wants to take discovery from its adversaries in that case, plaintiff should petition the Court in that case. Accordingly, it is hereby

ORDERED that defendant's motion to deny discovery or, in the alternative, to stay discovery pending resolution of defendant's dispositive motion is GRANTED in part. Discovery in this matter is STAYED pending resolution of defendant's dispositive motion. The parties should meet and confer and file a joint report on or before May 9, 2008 proposing a schedule for the briefing of dispositive motions.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 28, 2008