**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------------------- x
:
DOME PATENT L.P.,                                :
:
                                 Plaintiff,       :       **ECF CASE**
:
                   - against -           :       07-1695 (PLF)
:
JON W. DUDAS,                                    :
Under Secretary of Commerce for Intellectual Property  :
and Director of the United States Patent and Trademark :
Office,                                          :
:
                              Defendants.      :
:
---------------------------------------------------------------------- x

## MOTION FOR RECONSIDERATION AND REQUEST FOR ORAL ARGUMENT

Dome Patent L.P. respectfully moves for reconsideration of the Court's Order dated April 28, 2008, in which the Court ruled (emphasis added):

> This Court will not allow the plaintiff to use this lawsuit to obtain discovery from the defendants in the lawsuit pending in the Western District of New York. That case was stayed by the presiding judge in that case. <u>If plaintiff wants to take discovery from its adversaries in that case, plaintiff should petition the Court in that case</u>. . . . Discovery in this matter is STAYED pending resolution of defendant's dispositive motion.

In making the above ruling, the Court appears to have acted under a misapprehension of fact, namely, that Dome could petition the court in *Dome Patent L.P. v. Permeable Technologies, Inc.*, No. 6:98-cv-06247-DGL (W.D.N.Y.), and seek discovery in that case as a substitute for the discovery that Dome currently seeks in this case. In fact, Dome cannot currently petition the Court for discovery in the *Permeable Technologies* case, because the PTO in this case has declared invalid (albeit based on the existing, limited administrative record) the only claim that Dome would have asserted in the *Permeable Technologies* case. Unless Dome prevails in its challenge to the PTO's administrative ruling in this case brought under 35 U.S.C. § 145, Dome

will have no basis for seeking discovery or any other relief in the *Permeable Technologies* case. Reconsideration of the April 28 Order, and oral argument, are thus respectfully requested.

As the Court correctly stated in the April 28 Order, Dome is the owner of now-expired U.S. Patent No. 4,306,042, issued December 15, 1981, for a claimed invention entitled "Method of Making a Contact Lens Material With Increased Oxygen Permeability" (the "Neefe Patent"). On July 31, 2007, following nearly nine (9) years of *ex parte* re-examination proceedings under 35 U.S.C. §§ 301-306, the PTO ruled that claim 1 of the Neefe Patent was invalid under 35 U.S.C. § 103(a). On September 24, 2007, Dome timely commenced this action for court review of the PTO's administrative action pursuant to 35 U.S.C. § 145.

As the Court also correctly stated in the April 28 Order, many years prior to the commencement of the present action, Dome commenced the above-cited action for alleged infringement of the Neefe Patent (the "Infringement Action"). In 1998, before Dome had sought or received any discovery in the Infringement Action, the court (per the Honorable David G. Larimer) stayed all proceedings in the Infringement Action, including discovery, pending the outcome of a then-pending request for PTO re-examination of the Neefe Patent. More than nine (9) years later, the PTO finally issued its disputed ruling that claim 1 of the Neefe Patent is invalid under 35 U.S.C. § 103(a). The correctness of the PTO's administrative ruling in re-examination of the Neefe Patent is the subject of this § 145 action.

It is well-established that Dome, as the plaintiff in a § 145 action, is entitled "to present to the court evidence that the applicant did not present to the PTO." *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999). *See Hoover v. Coe*, 325 U.S. 79, 83 (1945); *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1345-47, 1351-52 (Fed. Cir. 2000). The discovery that Dome seeks in this action relates directly to Dome's claim that this Court, under 35 U.S.C. § 145, should set

aside the PTO's administrative ruling that claim 1 of the Neefe Patent is invalid under 35 U.S.C. § 103. Inquiries into whether a claimed invention has enjoyed "commercial success," for example, or whether manufacturers in the field of a claimed invention "long and unsuccessfully sought to solve the problem" that a claimed invention solved, are legally recognized "subtests" that "focus attention on economic and motivational rather than technical issues and are, therefore, more susceptible of judicial treatment than are the highly technical facts often present in patent litigation." *Graham v. John Deere Co.*, 383 U.S. 1, 35-36 (1966).

Nothing in this Court's Order of April 28 suggests that the discovery sought by Dome in this action is beyond the scope of discovery authorized by Federal Rules of Civil Procedure 26 and 45, or should not be had. Rather, the April 28 Order appears to be grounded in a mistaken belief that the discovery sought by Dome in this § 145 action is both available and more readily obtained in support of Dome's claim in the Infringement Action.[1] That is simply not the case.

In view of the adverse decision of the PTO in its re-examination of the Neefe Patent, Dome does not consider that it currently has any non-frivolous basis for seeking discovery in support of the claim that Dome previously made in the Infringement Action. The claim that

---

[1] In its motion filed January 11, 2008, for an order denying or staying discovery in this action, the defendant never argued or supported any argument that the discovery sought by Dome in this action is currently or more readily available in the Infringement Action, or that Dome should now petition the Court in the Infringement Action for the discovery that Dome seeks in support of its claim in this § 145 action. To the contrary, defendant contended that Dome purportedly "waived" its right to seek any discovery in this § 145 action and that the Court should, accordingly, adjudicate Dome's claim on the basis of the existing administrative record alone.

Quite properly and appropriately, the April 28 Order does not endorse or rely on the defendant's "waiver" defense to Dome's claim in this action. That purported defense is sharply disputed as a factual matter and furthermore has no basis in law. *See* Memorandum in Opposition to Defendant's Motion to Deny or Stay Discovery filed January 25, 2008, at 5-6, 10-18.

Dome previously asserted in the Infringement Action has been effectively wiped out by the PTO's disputed administrative action that is the subject of this § 145 action. Unless Dome prevails in this § 145 action, it will have no basis for resuming pursuit of the Infringement Action.[2]

Dome respectfully submits, therefore, that the Court should reconsider and vacate its April 28 Order and direct that discovery in this action proceed under and in accordance with the Federal Rules of Civil Procedure. Civil actions commenced under 35 U.S.C. § 145 are unquestionably subject to the Federal Rules of Civil Procedure, including the provisions in those rules for pretrial discovery of "any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Defendant has never even argued that the discovery sought by Dome in this action is not "relevant" to the "claim" that Dome has made in this § 145 action or is otherwise beyond the scope of discovery authorized by Federal Rules of Civil Procedure 26 and 45.

The standard of review that applies to a PTO administrative decision is affected fundamentally by whether and to what extent an aggrieved patent owner presents additional evidence that bears on the issue of patent validity. *See, e.g., Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1345-47, 1351-52 (Fed. Cir. 2000) (affirming district court decisions (i) to admit survey

---

[2] Even assuming, for purposes of argument, that it were theoretically possible for Dome to seek to reassert, in the Infringement Action, a patent claim that the PTO has declared invalid, Dome should not be forced to pursue such a claim involuntarily. A civil action for patent infringement under 35 U.S.C. § 281 entails numerous complex issues in addition to the narrow issue of validity under § 103 that is the subject matter of this § 145 action. Dome ought not be forced to engage in such costly and potentially futile litigation of damages and other issues based on a claim that the PTO has declared invalid (albeit on the basis of an abbreviated and incomplete record).

evidence bearing on commercial success of claimed invention, and (ii) to overturn Board decision rejecting claims as purportedly reciting subject matter that "would have been obvious" under § 103(a)).  Any dispositive motion that defendant might file at this stage would be opposed by Dome, not just on the existing administrative record, but also on the basis of a lack of opportunity for discovery in this action under Rule 56(f) of the Federal Rules of Civil Procedure.

Defendant cannot properly avoid meaningful judicial review of its administrative action, as authorized and mandated by 35 U.S.C. § 145, by blocking all discovery and thereby severely impairing Dome's ability "to present to the court evidence that the applicant did not present to the PTO."  *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999).  Dome's property interest in the Neefe Patent cannot properly be destroyed without compliance with the procedural safeguards that 35 U.S.C. §§ 145 and 306 and the Federal Rules of Civil Procedure confer on persons whose issued patents are re-examined by the PTO and declared wholly or partially invalid in an administrative PTO ruling without the benefit of live testimony or evidence that the patent owner cannot access without judicial process.

**CONCLUSION**

For the reasons set forth above, plaintiff's Motion for Reconsideration should be granted, the Court's Order of April 28, 2008, should be vacated, and discovery in this action should proceed under and in accordance with the Federal Rules of Civil Procedure.   Dome respectfully requests oral argument of this motion.

Dated:  May 7, 2008

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP


By: _____/ s /  James W. Dabney_____
    James W. Dabney, D.C. Bar # NY0036
    Stephen S. Rabinowitz, D.C. Bar # NY0085
    John F. Duffy, D.C. Bar # 442138
    Randy C. Eisensmith, D.C. Bar # NY0084

1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone:  (202) 639-7000

One New York Plaza
New York, NY  10004
Telephone:  (212) 859-8000

E-mail:  james.dabney@friedfrank.com

Attorneys for Plaintiff
Dome Patent L.P.

7018582

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------x
:
DOME PATENT L.P.,                                     :
:
                              Plaintiff,      :  **ECF CASE**
:
               - v -                          :  No. 07-1695 (PLF)
:
JON W. DUDAS,                                         :  [PROPOSED]
Under Secretary of Commerce for Intellectual          :  ORDER GRANTING MOTION FOR
Property and Director of the United States Patent     :  RECONSIDERATION OF ORDER
and Trademark Office,                                 :  STAYING DISCOVERY
:
                            Defendant.      :
:
---------------------------------------------------------------------x-

      This matter having been opened to the Court on the motion of plaintiff Dome Patent L.P. for reconsideration of the Order dated April 28, 2008, staying discovery in this matter pending resolution of defendant's dispositive motion; and it appearing that unless Dome prevails in the present action under 35 U.S.C. § 145, it cannot and will not resume pursuit of *Dome Patent L.P. v. Permeable Technologies, Inc.*, No. 6:98-cv-06247-DGL (W.D.N.Y.); and good cause otherwise appearing, it is hereby

      ORDERED, that the plaintiff's Motion for Reconsideration is GRANTED, and the Court's Order dated April 28, 2008 is hereby VACATED.  Discovery in this action shall proceed under and in accordance with the Federal Rules of Civil Procedure.

Dated:  May ___, 2008

_____
                                     Paul L. Friedman
                             United States District Judge

7020572

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------x
:
DOME PATENT L.P,                                                 :
:
:
:
Plaintiff,                       :          ECF CASE
:
- v. -                                    :          Civil Action No. 07-1695 (PLF)
:
:
JON W. DUDAS,                                                    :          **CERTIFICATE OF SERVICE**
Under Secretary of Commerce for Intellectual Property            :
and Director of the United States Patent and Trademark           :
Office,                                                          :
:
Defendant.                       :
:
-----------------------------------------------------------------x

    I HEREBY CERTIFY that on this 7th day of May 2008, I caused a true and correct copy of the Motion for Reconsideration and Request for Oral Argument to be electronically filed with the Clerk of the United States District Court for the District of Columbia using the CM/ECF system which will send notification of such filing to:

Diane M. Sullivan, Esq.
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Civil Division
Washington, DC 20530
Email: diane.sullivan@usdoj.gov

*Attorneys for Defendants*

Dated: New York, New York
       May 7, 2008

_____
Jeffrey J. Bednar
Paralegal

us\bednaje\7021190.1