## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DOME PATENT L.P.                     )
                                     )
            Plaintiff,               )
                                     )
      v.                             )     Civil Action No. 07-1695(PLF)
                                     )
JON W. DUDAS,                        )
Under Secretary of Commerce          )
for Intellectual Property            )
and Director of the United           )
States Patent and                    )
Trademark Office                     )
                                     )
            Defendant.               )
                                     )
_____)

### OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

The defendant, United States Patent and Trademark Office (USPTO), respectfully submits that this Court should deny Dome's Motion for Reconsideration of this Court's April 28, 2008 Order. Plaintiff (Dome) has not demonstrated that this Court's Order was clearly erroneous or would work a manifest injustice. In fact, Dome's only new argument is based on its apparent misapprehension of the law. In any event, numerous grounds discussed by the USPTO in its opening briefs support the Court's Order. Thus, Dome's request for reconsideration should be denied.

**I.    Dome Has Not Met Its Burden of Showing That This Court's Order Must be Revisited.**

Motions for reconsideration of interlocutory orders are committed to the sound discretion of the trial court. See, e.g., Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); see

also <u>Judicial Watch, Inc. v. U.S. Department of Energy</u>, 319 F.Supp.2d 32 (D.D.C. 2004). The Supreme Court has instructed that while "[a] court has the power to revisit prior decisions . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1998). Thus, under Federal Rule of Civil Procedure 54(b), this Court may permit revision of a prior order "as justice requires." <u>Cobell v. Norton</u>, 224 F.R.D. 266, 272 (D.D.C. 2004); <u>see also</u> Federal Rule of Civil Procedure 54(b).

Here, Dome has not and cannot establish that this Court's April 28, 2008 Order was clearly erroneous or would work a manifest injustice. In support of its motion, Dome primarily reargues the same points it raised previously; thus those points cannot be a basis for granting its motion. <u>See</u> <u>Cobell v. Norton</u>, 224 F.R.D. at 266, 272); <u>see also</u> <u>In re Ski Train Fire in Kaprun, Austria, on November 11, 2004</u>, 225 F.R.D. 543, 546 (S.D.N.Y. 2004) (district court's discretion to reconsider a non-final ruling is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again).

Dome's only new argument (which it could have raised previously) is that this Court acted under a "misapprehension of

fact." Specifically, Dome claims that the Board's decision below somehow precludes Dome from petitioning the New York Court for discovery. As explained below, Dome's new argument is premised on a misunderstanding of the law. Additionally, because Dome could have raised, but chose not to raise this argument in its original brief, it is now waived.

In any event, as discussed in the USPTO's original briefs, alternate reasons support the Court's April 28, 2008 Order denying Dome the third-party discovery it is seeking in this case.

## II. The Board's Decision Invalidating Claim 1 of Dome's Patent is Not Yet Final.

In a reexamination proceeding under 35 U.S.C. 301 <u>et seq</u>., the USPTO will only issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable "when the time for appeal has expired or any appeal proceeding has terminated." 35 U.S.C. § 307. Because Dome has filed this Section 145 action, the Board's decision below is not yet final, and the USPTO has not, and cannot yet issue a "Notice of Intent to Issue *Ex Parte* Reexamination Certificate." Manual of Patent Examining Procedure §§ 2287-2288; 35 U.S.C. § 307. Thus, contrary to Dome's assertion, the Board's decision finding claim 1 of Dome's patent invalid does not yet affect Dome's rights in its now-expired patent. 35 U.S.C. § 307; <u>see also</u> <u>Fortel Corp. v. Phone-Mate, Inc.</u>, 825 F.2d 1577 (Fed. Cir. 1987). The New York District Court may deny Dome's request to lift the stay for other reasons, but not because of the

3

Board's recent decision has altered the status of Dome's patent.

### III. The USPTO Presented Other Compelling Reasons that Support This Court's April 28, 2008 Order.

Dome made the  decision <u>not</u> try to discover the "commercial success" information it is now seeking from third parties and did <u>not</u> present any evidence of commercial success to the USPTO in the reexamination proceedings below. (emphasis supplied).  These intentional (or negligent) decisions by Dome preclude it from now discovering and then trying to introduce this evidence in this Section 145 action.  <u>United States v. Johnson</u>, 289 F.3d 1034, 1041 (7th Cir. 2002); <u>Killian v. Watson</u>, 121 U.S.P.Q. 507, 508 (D.D.C. 1958) (refusing to consider evidence that plaintiff failed to provide to the USPTO in the proceedings below); <u>Holloway v. Quigg</u>, 9 U.S.P.Q.2d 1751, 1752 (D.D.C. 1988)("[E]vidence has been excluded if it was available to the plaintiff during the PTO proceeding but was either intentionally or negligently withheld.").

Additionally, as the USPTO noted before, even if Dome had the evidence it now seeks to discover, Dome cannot establish that that evidence is relevant to its contentions that its patent is not obvious.  Dome has not established that any of the third parties used the method claimed in Dome's patent.  Moreover, even if Dome had established (or could establish) infringement by these third parties, Dome then bears the burden of showing that any commercial success of those products were due to the merits of its invention.

See <u>J.T. Eaton & Company, Inc. v. Atlantic Paste and Glue Co.</u>, 106 F.3d 1563, 1571 (Fed. Cir. 1997) (reversing district court because patentee failed to show nexus between commercial success and the claimed invention).  This it has not done.

### Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration should be denied.


Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D.C. Bar  #12765
Assistant United States Attorney
Judiciary Center building
555 Fourth Street, N.W.
Room E4919
Washington, D.C.  20530
(202) 514-7205


OF COUNSEL:
STEPHEN WALSH
Acting Solicitor

SHANNON M. HANSEN
HEATHER F. AUYANG
Associate Solicitors
United States Patent and Trademark Office