UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------x
                                                            :
DOME PATENT L.P.,                                           :
                                                            :
                              Plaintiff,                    :   ECF CASE
                                                            :
              - against -                                   :   07-1695 (PLF)
                                                            :
JON W. DUDAS,                                               :
Under Secretary of Commerce for Intellectual Property       :
and Director of the United States Patent and Trademark      :
Office,                                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Dome Patent L.P. ("Dome") hereby replies in support of its motion requesting that the Court reconsider and vacate its Order dated April 28, 2008 ("the April 28 Order").

I.  **DOME DID NOT "WAIVE" ITS RIGHT TO RELY ON THE GROUNDS RAISED IN THIS MOTION AND HAS SHOWN THAT RECONSIDERATION IS MERITED**

The defendant first asserts that Dome has "waived" its right to seek reconsideration on the basis of the apparent misapprehension of fact that underlies the April 28 Order. (Def's Br. at 3). In fact, the Court issued a stay of discovery in this action based on a ground that had not been raised, argued, or supported[1] by the defendant. Thus, Dome's motion for reconsideration rests on a ground that could not have been raised prior to the April 28 Order because, prior to

---

[1] The defendant has not satisfied his burden, as the movant for a protective order, of showing that he would suffer from "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), if Dome were permitted to obtain the requested discovery, or that the requested discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). On the contrary, the defendant admits that the court hearing the infringement action "may deny Dome's request to lift the stay . . . ."). Def's Br. at 3.

that Order, the defendant had never once suggested that Dome could or should obtain in the infringement action the discovery it now seeks here. Even now, the defendant makes no claim that Dome can obtain the discovery it seeks in the infringement action, but in fact states the contrary. *See* Def.'s Br. at 3 ("The New York District Court may deny Dome's request to lift the stay . . . ."). Thus, the defendant cannot properly avoid the merits of Dome's motion for reconsideration on "waiver" grounds.

The April 28 Order is based upon a misapprehension of fact – namely, that the discovery Dome seeks can be obtained in the infringement action. As shown in Part II below, Dome cannot obtain that discovery in the infringement action, because the *only* claim that Dome would assert in that action has been ruled invalid by the PTO. Unless Dome succeeds in persuading this Court (or, on appeal, the Federal Circuit) to overturn the PTO's ruling, Dome will have no basis for seeking discovery or any other relief in the infringement action. Thus, unless the April 28 Order is vacated, Dome would be deprived of the opportunity to obtain *any* discovery to resist the defendant's forthcoming motion for summary judgment – a result that is both unjust and contrary to the Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(f)(2). The April 28 Order is "clearly erroneous and would work a manifest injustice," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1998), and the standard for reconsideration is met.

II. **THE PTO'S DECISION INVALIDATING CLAIM 1 OF DOME'S PATENT DEPRIVES DOME OF ANY BASIS FOR SEEKING DISCOVERY OR ANY OTHER RELIEF IN THE INFRINGEMENT ACTION**

The defendant next asserts that because the PTO's reexamination decision could be reversed by this Court (or the Federal Circuit on appeal), claim 1 of U.S. Patent No. 4,306,042 (the "Neefe Patent") still technically subsists, and this fact supposedly enables Dome, now, to seek to resume pursuit of the infringement action while the current section 145 action proceeds. (Def's

Br. at 3-4). But here again, the defendant is urging a position that was never urged prior to issuance of the April 28 Order, and one that simply does not justify or support the April 28 Order.

The infringement action was stayed in 1998 for the very purpose of channeling the question of the validity of the Neefe Patent into the reexamination proceeding. In the entire history of the reexamination regime dating to 1980, Dome is aware of no decision in which a court, having stayed an infringement action pending the outcome of a PTO reexamination proceeding, has then, in a 180-degree U-turn, reversed itself and lifted the stay in the middle of the proceeding where, as here: (a) the only claim that would be asserted in the infringement action was held invalid in the reexamination proceeding, and (b) the patent at issue has expired.

Here the defendant never even argued, at any time, that discovery should be stayed in this action because the requested discovery purportedly is available in a long ago stayed infringement action. Still less did the defendant support such an argument. It would be futile, and enormously wasteful, to require Dome to seek the resumption of a patent infringement lawsuit before it knows whether the one claim it would assert will survive reexamination. *See Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 Fed. Appx. 988 (Fed. Cir. 2007) (vacating judgment of infringement entered in infringement action in light of the PTO's ruling in a concurrent reexamination, affirmed on appeal, that the asserted claims were invalid); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d. 784, 788 (D. Colo. 2007) ("[I]f the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims.") (quoting *Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y. 2000)). There is no basis for Dome now to attempt to seek

discovery in the infringement action, not in support of Dome's claim for alleged infringement, but in support of Dome's claim in this section 145 action.

III. **THE APRIL 28 ORDER IS NOT SUPPORTED BY THE "OTHER REASONS" URGED BY THE DEFENDANT, WHICH THIS COURT APPROPRIATELY DID NOT ADOPT**

Finally, the defendant reasserts the arguments that he made in his original motion for "protective order," and that the Court appropriately did not adopt. (Def's Br. at 4-5). Those arguments are flawed for several reasons. As set forth in Dome's brief filed January 25, 2008, Dome was under no legal duty to seek vacatur of a stay pending reexamination during the ongoing reexamination. The defendant's contrary suggestion is plainly inconsistent with applicable Supreme Court and Federal Circuit precedent. *See Dickinson v. Zurko*, 527 U.S. 150, 164 (1999); *Hoover Co. v. Coe*, 325 U.S. 79, 83 (1945); *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1345-47, 1351-52 (Fed. Cir. 2000). Tellingly absent from the defendant's memorandum is any citation to Federal Circuit precedent or any attempt to distinguish *Winner* or the other authorities that Dome cited in its Motion For Reconsideration. *See* Dome Br. at 2. Instead, the defendant relies on three cases whose holdings are plainly inapposite. *See* Def's Br. at 4.

In *Killian v. Watson*, 121 U.S.P.Q. 507, 508 (D.D.C. 1958) the applicant had failed to introduce evidence before the PTO showing when he invented the claimed subject matter, and was precluded from introducing, in the ensuing section 145 action, that same evidence – which he necessarily had in his possession. Here, by contrast, the evidence that Dome seeks has never been in its possession. On the contrary, Dome needs the requested discovery in order to obtain it. In *Holloway v. Quigg*, 9 U.S.P.Q.2d 1751, 1752 (D.D.C. 1988), a patent applicant was precluded from introducing, in a section 145 action, evidence on *issues* that were not raised before the PTO. Here, by contrast, the issues on which Dome seeks discovery were expressly raised,

4

argued, and adjudicated by the PTO during the reexamination. And *United States v. Johnson*, 289 F.3d 1034, 1041 (7th Cir. 2002) was a criminal case in which the defendant, through counsel, expressly and affirmatively represented in open court, "We are not challenging the issue of crack, Judge" and was accordingly held to have waived his right to appeal the issue of whether he possessed crack cocaine as opposed to powder cocaine. None of these cases supports the defendant's position. Indeed, no court in a section 145 action has ever held that a patent owner has a duty to attempt to resume pursuit of a stayed infringement proceeding in order to finish a reexamination proceeding on whose account the infringement proceeding was previously stayed

Even if such a duty had existed, Dome still would not be "negligent" for failing to renew its motion for reconsideration of the stay, *cf.* Def's Br. at 4, because such a motion would have been futile. Dome could not have met the high standard necessary to merit reconsideration – the very same standard upon which the defendant relies so heavily in opposing the instant motion. Dome could not argue that the infringement action would proceed regardless of the outcome in the PTO, since the only claim that Dome would assert had been held unpatentable, at first by the Examiner and then by the Board of Patent Appeals and Interferences. Thus, there were no legitimate grounds for Dome to seek reconsideration. *See Canady v. Erbe Elektromedizin GbmH*, 271 F. Supp. 2d 64, 66, 77 (D.D.C. 2002) (denying a patent owner's motion to lift a stay of an infringement action because the matter was not yet ripe for adjudication in the absence of final PTO action and distinguishing cases where stays were lifted after the PTO confirmed the patentability of claims asserted in the stayed actions) (distinguishing *Purolite Int'l v. Rohm & Haas Co.*, 24 U.S.P.Q.2d 1857 (E.D. Pa. 1992) and *Rohm & Haas Co. v. Brotech Corp.*, 24 U.S.P.Q.2d 1369 (D. Del. 1992)). As the Federal Circuit has explained: "When a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that

stay must be accepted if the purpose of the reexamination statute is to be preserved." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

Finally, the defendant argues that Dome has not (yet) established that the recipients of the third-party subpoenas used the method claimed in the Neefe patent, and that such a showing is required in order for the commercial success of their products to be relevant. *See* Def's Br. at 4. But that is a precisely circular argument. The subpoenas that Dome has served on those third parties seek production of documents describing the processes by which those commercially successful products were manufactured – the facts that defendant faults Dome for not establishing, but which Dome cannot obtain without the aid of discovery. *See* D.I. 9-12 at p.17 (item 18, seeking disclosure of "[s]uch documents as will identify each TRIS process that [third party] used at any time during the Neefe Patent Period."). This information is clearly "relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1), and thus is discoverable. The Rules do not limit a party to discovering only information that it already knows.

## CONCLUSION

For the reasons set forth above, plaintiff's Motion for Reconsideration should be granted, the Court's Order of April 28, 2008, should be vacated, and discovery in this action should proceed under and in accordance with the Federal Rules of Civil Procedure. Dome respectfully reiterates its request for oral argument of this motion.

Dated: June 2, 2008

        FRIED, FRANK, HARRIS, SHRIVER
        & JACOBSON LLP

        By: _____/s/ James W. Dabney_____
        James W. Dabney, D.C. Bar # NY0036
        Stephen S. Rabinowitz, D.C. Bar # NY0085
        John F. Duffy, D.C. Bar # 442138
        Randy C. Eisensmith, D.C. Bar # NY0084

1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 639-7000

One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000

E-mail: james.dabney@friedfrank.com

Attorneys for Plaintiff
Dome Patent L.P.

7030476.3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------x
:
DOME PATENT L.P,                                                    :
:
:
:
                              Plaintiff,                             :      ECF CASE
:
             - v. -                                                  :      Civil Action No. 07-1695 (PLF)
:
:
JON W. DUDAS,                                                       :      **CERTIFICATE OF SERVICE**
Under Secretary of Commerce for Intellectual Property                :
and Director of the United States Patent and Trademark               :
Office,                                                              :
:
                              Defendant.                             :
:
---------------------------------------------------------------------x

   I HEREBY CERTIFY that on this 2nd day of June 2008, I caused a true and correct copy of the Reply in Support of Plaintiff's Motion for Reconsideration to be electronically filed with the Clerk of the United States District Court for the District of Columbia using the CM/ECF system which will send notification of such filing to:

Diane M. Sullivan, Esq.
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Civil Division
Washington, DC 20530
Email: diane.sullivan@usdoj.gov

*Attorneys for Defendants*

Dated: New York, New York
       June 2, 2008

                                                              _____
                                                              Edward M. Nadler
                                                              Paralegal

7021190.1