UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DOME PATENT, L.P.,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 07-1695 (PLF)
                                    )
JOHN J. DOLL, Acting Under Secretary of )
  Commerce for Intellectual Property and Acting )
  Director of the United States Patent and )
  Trademark Office,                 )
                                    )
            Defendant.[1]           )
_____ )

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on the parties' proposed Stipulated Protective Order [22]. The Court will not approve the Stipulated Protective Order because paragraph 5 is inconsistent with "this country's strong tradition of access to judicial proceedings." United States v. Hubbard, 650 F.2d 293, 317 n. 89 (D.C. Cir. 1980).

       As a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes. See, e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Given the policy in favor of public access, and the ease with which confidential and potentially confidential information may be redacted from documents before they are filed publicly, the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes as defendant the acting Under Secretary, John J. Doll for the former Under Secretary, Jon W. Dudas.

Court concludes that this case can and should be open to the public to the greatest extent possible. For that reason, paragraph 5 of the parties' Stipulated Protective Order – which provides for the filing under seal of all filings with the Court which comprise, contain, reproduce or paraphrase "Protected Information" – must be amended. Specifically, paragraph 5 must be amended to provide as follows:

> 1. All documents of any nature, including motions and briefs, that contain confidential material a party proposes to keep under seal shall be filed with the Court under seal in an envelope or other container marked with the title of the action, the title of the court filing which contains the confidential material, and the statement "FILED UNDER SEAL" below the Court.
>
> 2. Within five business days a party filing such documents with the Court shall *also* file on the public record a copy of the documents in which the confidential material is redacted. Alternatively, if – *and only if* – the redactions are so extensive as to render the documents useless to the reader, the party shall file on the public record a notice of the filing of the documents under seal in their entirety.
>
> 3. Redactions to public copies of documents shall be made solely to the extent necessary to preserve the confidentiality of the relevant information and in accordance with the principles set forth in this Memorandum Opinion and Order.

Accordingly, it is hereby

ORDERED that the parties' Stipulated Protective Order [22] is DENIED; and it is

FURTHER ORDERED that on or before May 1, 2009 the parties shall meet, confer and file with the Court an amended protective order. That protective order must be amended as described above. The parties' amended protective order may be identical to the

current Stipulated Protective Order in all other respects.

        SO ORDERED.

                                                  _/s/_____
                                                PAUL L. FRIEDMAN
DATE: April 24, 2009                   United States District Judge