UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
DOME PATENT, L.P.,                        )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        Civil Action No. 07-1695 (PLF)
                                          )
ANDREI IANCU, Director,                   )
United States Patent and Trademark Office, )
                                          )
            Defendant.                    )
_____   )

MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant's Claim for Expenses Under 35

U.S.C. § 145 ("Mot.") [Dkt. No 132].  On September 8, 1980, Russell A. Neefe filed an

application with the Patent and Trademark Office ("PTO") for a patent covering his method of

making a contact lens.  Mot. at 2.  The PTO granted this request on December 15, 1981, but

subsequently overturned this decision.  Id. at 3.  As a result, Plaintiff filed this action.  Id.  After

a three-day bench trial, this Court entered a judgment in favor of the PTO affirming the Board's

unpatentability decision.  See Dome Patent, L.P. v. Rea, 2014 WL 2943587 (D.D.C.

July 1, 2014).  The Federal Circuit affirmed this decision on appeal.  See Dome Patent L.P. v.

Lee, 799 F.3d 1372 (Fed. Cir. 2015).

Defendant then filed, and this Court granted, several motions for an extension of

time to submit a claim for expenses while the Supreme Court decided a separate pending case

related to expenses, Peter v. Nantkwest, Inc., 140 S. Ct. 365 (2019).  See Mot. at 4.  In Peter v.

Nantkwest, Inc., the Supreme Court "reviewed the question of whether 'all expenses' in

section 145 also included an award of a pro rata share of the salaries of PTO attorneys and

paralegals who worked on this case." Mot. at 4.  Ultimately, the Supreme Court held that the

term "does not authorize the PTO to recover a pro rata share of the salaries of attorney and

paralegal employees of the PTO."  Mot. at 4 (quoting Peter v. Nantkwest, Inc., 140 S.

Ct. at 365).

On February 21, 2020, Defendant filed Defendant's Claim for Expenses Under 35

U.S.C. §145.  See Mot.  As a result of the Supreme Court decision in Peter v. Nantkwest, Inc.,

Defendant's claim for expenses does not seek the "salaries of attorney and paralegal employees"

of the agency.  Id. at 4.

On April 3, 2020, this Court issued an order directing Plaintiff to file its

opposition to Defendant's motion for expenses by April 20, 2020.  To date, Plaintiff has not filed

any opposition.

Therefore, because Defendant's motion is unopposed and because this Court

entered a judgment in the PTO's favor, this Court finds the Defendant's motion for expenses is

warranted.  Accordingly, it is hereby

ORDERED that Defendant's Claim for Expenses Under 35 U.S.C. §145 [Dkt.

No. 132] is GRANTED; and it is

FURTHER ORDERED that, within 30 days of this Order, Plaintiff shall remit the

amount of $47,729.65 payable to the U.S. Patent and Trademark Office.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 15, 2020